## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 08-B-72154 |
|---|---|---|---|
| DATE | July 21, 2010 | ADVERSARY NO. | ~~08-A-72152~~ 09-96110 |
| CASE TITLE | CVT Acquisition, Inc., Debtor<br><br>Megan G. Heeg, as Trustee for the Estate of CVT Acquisition, Inc., Plaintiff<br><br>v.<br><br>Roper Whitney of Rockford, Inc., Defendant. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Plaintiff's motion for summary judgment is DENIED.

■[ For further details see text below.]

### Memorandum Opinion

This matter is before the Court on a motion for summary judgment by the plaintiff in the adversary proceeding, the Trustee in the underlying bankruptcy case. The adversary proceeding is an action by the Trustee under Section 547, seeking to avoid a transfer made by the Debtor to the Defendant on or around April 30, 2008, of $156,321.70 as a preferential transfer. The Debtor filed a petition for protection under Chapter 7 of the Bankruptcy Code with this Court on July 8, 2008.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there

is no genuine issue of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). In determining whether the movant has met its burden, the Court should consider all reasonable inferences in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986).

Local Rule 7056-1 requires a party bringing a motion for summary judgment to submit a statement of facts supporting the motion, and Local Rule 7056-2 requires the party opposing the motion for summary judgment to submit a concise response to the movant's statement of facts. The Plaintiff has submitted a statement of facts, but the Defendant has failed to submit a response to such statement of facts despite the Court granting it the opportunity to do so. Therefore, in accordance with Local Rule 7056-2(B), all material facts set forth in the Plaintiff's statement of fact are deemed to be admitted. See, e.g., James v. Cadillac Co. Inc.(In re James), No. 08-A-01018, 2010 WL 771765, *7 (Bankr. N.D. Ill. Mar. 3, 2010) (Sonderby, J.) (noting strict application of local rules in the Seventh Circuit, but noting that, while the failure to file a response is a deemed admission of facts, summary judgment is not appropriate if the movant fails to meet the standard for summary judgment despite the deemed admission). The Defendant also failed to assert any affirmative defenses in its answer to the complaint. By doing so, it waived its right to assert such defenses. See, e.g., Castro v. Chicago Housing Auth., 360 F.3d 721 (7th Cir. 2004) ("We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived.") The Defendant filed its answer on June 9, 2009, and has never sought to amend the answer to add affirmative defenses. Instead, the Defendant first raised affirmative defenses in its response to the motion for summary judgment.

Under Section 547, a Trustee can avoid a transfer of an interest of the debtor in property (1) to or for the benefit of a creditor, (2) for or on account of an antecedent debt owed by the debtor before such transfer was made, (3) made while the debtor was insolvent, (4) made on or within 90 days before the date of the filing of the petition, and (5) that enables the creditor to receive more than it would receive under chapter 7 liquidation if the transfer had not been made. 11 U.S.C. §547(b).

The Defendant, in its response to the motion for summary judgment, admitted that the Debtor transferred $156,321.70 in proceeds from its sale of real estate to the Defendant on April 30, 2008, which was less than 90 days before the bankruptcy petition. Although the Defendant claims that the proceeds constituted collateral securing a loan from First National Bank, it does not contest that the Debtor owned the real estate and owned the sale proceeds. Therefore, although the bank might have had a claim against the funds, it is not disputed that they constituted an interest of the Debtor in property. Since the transfer was within 90 days prepetition, there is a presumption that the Debtor was insolvent at the time of transfer. Moreover, the Defendant admitted, through its attached affidavit of David Casazza, that at the time of the transfer the Debtor was operating at a loss and required frequent cash infusions from Roper Whitney. In the Debtor's bankruptcy case, the Defendant filed a proof of claim for a general unsecured claim of $294,052.67, and the Debtor scheduled only $1,100,000 in assets and $6,872,191.00 in creditors, including $4,500,000 in secured claims. The Defendant has not disputed that the transfer enabled it to receive more than it would have in a Chapter 7 liquidation.

Therefore, based on facts admitted or deemed admitted by the Defendant, the Plaintiff has conclusively demonstrated each element of a preferential transfer except one: that the transfer was "on account of an antecedent debt."

The Defendant admits that the Debtor owed it $133,668.00 at the time of transfer, but has not admitted that it owed the Debtor the additional $22,653.70 that the Trustee seeks to recover. The existence of the debt at the time of transfer was not a fact listed in the Plaintiff's statement of facts, and the fact that the Defendant filed a proof of claim for $294,000 does not demonstrate that the Debtor owed more than $133,668 on April 30, 2008. Nor has the Trustee asserted any other claim to recover the additional amount, such as that it was a fraudulent transfer.

Therefore, because there exists a "genuine issue of material fact" as to whether the entire transfer was on account of an antecedent debt, summary judgment would not be appropriate at this time. As such, the Plaintiff's motion for summary judgment is DENIED.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

July 21, 2010

_____
Judge Manuel Barbosa